UNITED STATES TRUST Co. *v.* WABASH W. RY. Co.

(*Circuit Court, S. D. Iowa, W. D.* March Term, 1889.)

1. MORTGAGES—ROLLING STOCK OF RAILROADS—LIEN.

A mortgage on the rolling stock of a certain division of a railway contained a covenant to designate in a certain mode as belonging to that division such a proportion of the whole rolling stock owned by the mortgagor as that division bore to the entire railway. *Held*, that as against subsequent mortgagees of the entire system of railway, the first mortgage covered only such rolling stock as was thereafter designated as belonging to the division named, though the amount covenanted for was not so designated.

2. SAME.

Where rolling stock has been purchased and designated for the division named, the lien of the first mortgage attaches and is not lost by subsequent obliteration of the designations, where such rolling stock is otherwise traceable, as against the mortgagor, or purchasers at a sale under a subsequent mortgage of the entire railway and appurtenant rolling stock, who take with notice of the former mortgage and the lien created thereby.

In Equity. Supplemental bill to determine what rolling stock belongs to the Omaha Division of the Wabash, St. Louis & Pacific Railway. On exceptions to master's report.

*Theodore Sheldon*, for petitioner.

*H. S. Priest*, for defendant.

SHIRAS, J. On the 15th of February, 1879, the St. Louis, Kansas City & Northern Railway Company executed a mortgage to the United States Trust Company on the line of railway extending from Council Bluffs, Iowa, to Pattonsburg, Mo., which was then about to be constructed; and which, when built, was known as the Omaha Division, and which formed part of the system of lines consolidated under the name of the Wabash, St. Louis & Pacific Railway. By its terms the mortgage was to cover the rolling stock belonging thereto; and for the purpose of designating the same and distinguishing it from the rolling stock appurtenant to the main line and other branches of the road, it was provided in

the mortgage "that the party of the first part will mark in some substantial manner all engines and cars of each and every class hereafter purchased by it, with the words ' Omaha Division,' until such time as the engines and cars so purchased and marked shall bear the same proportion to the number of miles of railroad hereby mortgaged and conveyed that the whole number of engines and cars of each and every class now owned by the party of the first part. bears to the whole number of miles now owned by it. And the party of the first part further agrees that it will hereafter at all times keep the rolling stock designated as belonging to the railroad hereby conveyed equal in value and amount per mile to the amount of rolling stock per mile on the entire line or lines of railroad owned by said party of the first part, its successors and assigns." On the 1st day of June, 1880, the Wabash, St. Louis & Pacific Railway Company executed a mortgage covering the several lines operated by that company, and including the line known as the " Omaha Division." A bill for the foreclosure of this mortgage was brought, and also one for the foreclosure of the mortgage first above mentioned. Messrs. Humphrey & Tutt were appointed receivers in the first-named foreclosure, and Thomas McKissock in the latter, and under the authority of the courts a temporary arrangement was made between the receivers regarding the use of the rolling stock, under which the several lines have been operated. Decrees of foreclosure in the several proceedings have been entered, and the present proceedings have been instituted for the purpose of determining finally what rolling stock is appurtenant to the Omaha Division, in such sense that the mortgage of February 15, 1879, became a lien thereon paramount to the lien of the general mortgage of June 1, 1880. The issue was referred to the master, and he has reported his findings thereon. Both parties excepting to the report, the case is now before the court upon such exceptions.

The findings of the master show that the covenant in the mortgage, that the mortgagor would equip the Omaha Division with rolling stock proportionately equivalent in amount to that used upon the other portions of the system, has not been performed, and it is claimed on behalf of the present purchasers that the deficiency should be made good by assigning a sufficient number of cars out of the general equipment of the Wabash, St. Louis & Pacific Railway to make the equipment equal to what it would have been had the covenant been performed. If this were done, the cars so taken would reduce to that extent the security of other mortgagees, who are not in fault. If no other interests were involved, save those of the mortgager and the mortgagees of the Omaha Division, it might be that specific performance of the covenant in this particular could be decreed, but whether the decree would be for the assignment of specific rolling stock already in the possession of the company or for the purchase of other stock would be an open question, and it is doubtful whether a court of equity would undertake to give relief in this form. But however this may be, it is clear that when the question is presented, as it now is, upon this record, the court is not justified in attempting to enforce the covenant in the manner indicated. The liens

of other mortgages have attached to the equipment in question, and the court is not justified in attempting to displace or defeat these liens, in order to make good to the mortgagees of the Omaha Division the loss resulting from the breach of the covenant in their mortgage. Practically it is a question of lien, and the mortgagees under the latter mortgage are entitled to assert a claim only to such rolling stock as in fact became subject to the lien of the mortgage of February 15, 1879.

The master in his report has set forth the number of engines and cars which were purchased for the Omaha Division as provided in the mortgage and which were designated as therein provided. When so purchased and designated the lien of the mortgage attached thereto as a prior lien, and under the foreclosure of the mortgage and the sale based thereon the title to this rolling stock passed to the purchasers at such sale. On behalf of the Wabash Western Railway Company, which holds title under the foreclosure of the mortgage of June 1, 1880, it is claimed that as a purchaser at such sale, this company has the title to all the engines and cars which did not at the date of the sale have upon them the words "Omaha Division." The evidence shows that, in the lapse of time and by various means, the words "Omaha Division" originally placed upon the rolling stock purchased for that division had been removed or lost from many of these engines and cars, and it is now contended that thereby such rolling stock became intermingled with the general equipment of the Wabash, St. Louis & Pacific Railway Company, and the lien of the mortgagees of the Omaha Division was destroyed as against the purchaser at the foreclosure sale of the mortgage of June 1, 1880. It was unquestionably the duty of the mortgagor, under the provisions of the mortgage of February 15, 1879, to keep the rolling stock purchased for the Omaha Division properly marked and designated. If, while the engines and cars were in its possession, it caused or permitted the designating marks to be removed or obliterated, such neglect of duty on its part would not have the effect of releasing the lien of the mortgage as between the mortgagor and the mortgagees. It will also be borne in mind that other means of identification of this rolling stock existed, as the same could be traced by the numbers thereof, and by the fact of its general use upon the line of the Omaha Division. The lien of the mortgage of February 15, 1879, having once attached to the rolling stock by its purchase for the Omaha Division and by its proper designation, would not be destroyed as against the mortgagor or those in privity with it, by reason of the fact that the mortgagor had permitted the marks to be obliterated upon such rolling stock. What the rights of one who should have purchased one or more of these cars at a public sale thereof might be held to be it is not necessary to consider. The title represented by the Wabash Western Railway Company is based upon the lien of the mortgage of June 1, 1880. The sale under the foreclosure of that mortgage was not of any specific cars, but of the line of railway and the rolling stock appurtenant thereto. When this sale took place, the purchasing committee, who bought in the property, knew of the existence of the mortgage on the Omaha Division and of the lien

·created by that mortgage on the rolling stock appurtenant thereto, and the record showed that there would have to be an apportionment of the rolling stock among the several branches. It cannot be successfully maintained, under the peculiar facts of this case, that the purchasing ·committee were innocent purchasers for value of the rolling stock in question, and as such took the same free from the lien of the mortgage of February 15, 1879. The finding of the master, therefore, that the petitioner is entitled to claim the engines and cars which were purchased for the Omaha Division and placed thereon with the proper designating marks is sustained.

Part of such rolling stock has already been delivered to the receiver for the Omaha Division. Such portion thereof as has not been so delivered, should forthwith be transferred to the Omaha & St. Louis Railway Company. If, as is asserted, any one or more of these engines and ·cars have been destroyed, such fact, of course, excuses the delivery thereof in kind. Whether a claim for damages for such destruction exists is not adjudicated, not being now in issue. What the Omaha & St. Louis Railway Company is now entitled to is a decree declaring specifically the rolling stock which was covered by the lien of the mortgage of February 15, 1879, and declaring that company, as the purchaser at the foreclosure sale, to be the owner thereof, and entitled to demand and receive possession thereof wherever said rolling stock may be found, and further directing the Wabash Western Railway Company to deliver to said Omaha & St. Louis Railway Company all of the named engines, ·cars, or rolling stock which may be now or may hereafter come into its possession or under its control.